UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------X

CHINESE AMERICAN CITIZENS
ALLIANCE GREATER NEW YORK, et al.,

          Plaintiffs,

          - against -

NEW YORK CITY DEPARTMENT OF
EDUCATION, et al.,

          Defendants.

------------------------------------------------------------------------X

20 Civ. 8964 (LAK) (GS)

OPINION & ORDER

**GARY STEIN, United States Magistrate Judge:**

      Pending before the Court is Plaintiffs' letter-motion seeking leave to file a First Amended Complaint (the "Proposed FAC"). (Dkt. No. 71). For the most part, the Proposed FAC streamlines Plaintiffs' pleading by dropping certain defendants, causes of action, and allegations. Not surprisingly, Defendants do not object to these proposed amendments. However, the Proposed FAC also names three additional individual defendants. Defendants oppose the FAC to the extent it would add two of those defendants, Craig Edwards and Serge St. Leger.

      For the reasons set forth below, Plaintiffs' motion for leave to amend is **DENIED** to the extent that the Proposed FAC seeks to add Edwards and St. Leger as defendants, but is otherwise **GRANTED**.[1]

---

[1] Although the Second Circuit has not expressly decided whether a motion to amend a complaint is a dispositive or non-dispositive matter, "'the weight of authority within this Circuit classifies a motion to amend a pleading as non-dispositive.'" *Set Cap. LLC v. Credit Suisse Grp. AG*, No. 18 Civ. 02268 (AT) (SN), 2024 WL 20887, at *5 (S.D.N.Y. Jan. 2, 2024) (quoting *Trombetta v. Novocin*, No. 18 Civ. 993 (RA), 2021 WL 6052198, at *6 (S.D.N.Y. Dec. 21, 2021)); *see also Prosper v. Thomson Reuters Inc.*, No. 18 Civ. 2890 (MKV) (OTW), 2021 WL 535728, at *1 n.1 (S.D.N.Y. Feb. 11, 2021) ("Courts in

## BACKGROUND

This putative class action was commenced with the filing of a Complaint on October 27, 2020. (Dkt. No. 1 ("Compl.")). Plaintiffs are (a) the Chinese American Citizens Alliance Greater New York, an organization that advocates for Chinese-American interests in the City of New York, and (b) five Asian-American individuals with children attending New York City public schools at the time of the Complaint. (Compl. ¶¶ 29-38). Plaintiffs allege, *inter alia*, that Defendants violated their free speech rights and other constitutional rights while Plaintiffs were protesting New York City Department of Education ("DOE") policies during a Town Hall meeting at the James Madison High School in Brooklyn on February 4, 2020. (*Id.* ¶¶ 1, 13-23).

The Complaint names as Defendants the DOE, the City of New York ("City"), then-current DOE Chancellor Richard A. Carranza, then-current Mayor Bill De Blasio, and Jason Marino, an Assistant Principal at James Madison High School. (*Id.* ¶¶ 39-45). Also named are seven "John Doe" Defendants (identified as John Doe Nos. 2 through 8), including another Assistant Principal at James Madison and several New York City Police Department ("NYPD") Officers and NYPD School Safety Officers, all of whom are alleged to have played a role in the events of February 4, 2020. (*Id.* ¶¶ 46-52, 72-77, 82-84, 88-93, 97-98, 100-02, 104-05).

---

this circuit generally treat motions to amend as non-dispositive pre-trial motions."). This includes motions to amend that add defendants. *See, e.g.*, *Trustees of Nat'l Ret. Fund v. Wildwood Corp.*, No. 11 Civ. 6287 (NSR) (LMS), 2014 WL 1918080, at *1 n.1 (S.D.N.Y. May 12, 2014); *Point 4 Data Corp. v. Tri–State Surgical Supply & Equipment, Ltd.*, No. 11 Civ. 726 (CBA), 2012 WL 3306612, at *1 (E.D.N.Y. Aug. 13, 2012). Accordingly, the undersigned resolves Plaintiffs' motion to amend by Opinion & Order.

Defendants answered the Complaint on January 19, 2021 (Dkt. No. 24), and on July 1, 2021, the parties jointly requested a referral to a Magistrate Judge for a settlement conference. (Dkt. No. 31). A settlement conference was held before Magistrate Judge Gabriel W. Gorenstein on August 5, 2021, but no settlement was reached. (*See* Docket Entry dated Aug. 5, 2021). For the next two years, the docket reflects no activity of substance. In September 2023, the referral Order was amended to include general pretrial supervision and reassigned to the undersigned. (*See* Dkt. No. 43 and Docket Entries dated Sept. 18, 2023).

On October 19, 2023, I held an Initial Case Management Conference with the parties and the next day entered a Case Management Plan and Scheduling Order ("Scheduling Order"). (Docket Entry dated Oct. 19, 2023; Dkt. No. 51). The Scheduling Order set a deadline of November 17, 2023 to amend pleadings or join any other parties. (Dkt. No. 51 at 1). In a joint letter to the Court dated March 28, 2024, Plaintiffs expressed their intention to file an amended complaint and the parties requested an extension of the discovery deadlines in the Scheduling Order. (Dkt. No. 61). Following a status conference on April 2, 2024, the Court extended the discovery deadline to June 28, 2024 and directed Plaintiffs to file a motion for leave to file their proposed amended complaint. (Dkt. No. 64).

Plaintiffs submitted their motion for leave to file the Proposed FAC on April 9, 2024. (Dkt. No. 71). The Proposed FAC dismisses ex-Chancellor Carranza, ex-Mayor De Blasio, and five of the John Doe Defendants; narrows the number of causes of action from thirteen to eight; and drops Plaintiffs' class action allegations.

(*Id.*).  It also adds three new Defendants: (1) Craig Edwards, a Borough Safety Director for the DOE; (2) Serge St. Leger, the Senior Director of Community Partnerships for the DOE; and (3) NYPD Police Officer Yergey Dym.  (Proposed FAC ¶¶ 19-21).

In the Proposed FAC's factual allegations concerning the events of February 4, 2020, Edwards is substituted in numerous places for the individual identified as "John Doe No. 2" in the original Complaint.  (*See id.* ¶¶ 19, 54-55, 57-58, 64-65, 81-82, 85-86).  Likewise, St. Leger is substituted for "John Doe No. 2" in certain allegations (*id.* ¶¶ 53, 63) and added as one of the actors in other allegations (*id.* ¶¶ 54, 55, 85-86).  Dym (sometimes misidentified as "Dyon" in the Proposed FAC) appears to be substituted for "John Doe No. 5" in certain allegations (*id.* ¶¶ 32, 55) and named as an additional actor in other allegations (*id.* ¶¶ 53-54, 85).

Seven of the eight causes of action in the Proposed FAC are asserted against all Defendants, including Edwards, St. Leger, and Dym.  These include three claims for violations of Plaintiffs' constitutional rights under 42 U.S.C. § 1983 (*id.* ¶¶ 106-12, 113-16, 124-26), three claims for violations of Plaintiffs' rights under the New York State Constitution (*id.* ¶¶ 117-20, 121-23, 127-29), and a claim for assault and battery brought on behalf of Plaintiff Siu-Liu Linda Lam (*id.* ¶¶ 130-32).[2]

By letter dated April 15, 2024, Defendants opposed Plaintiff's motion to amend, solely "to the extent that it adds defendants Craig Edwards and Serge Saint

---

[2] The final claim is a claim for *respondeat superior* asserted solely against the City and the DOE. (*Id.* ¶¶ 133-41).

4

Leger." (Dkt. No. 73 at 1).  Plaintiffs responded to Defendants' opposition in an April 16, 2024 letter (Dkt. No. 75), and the parties each provided additional letters supporting their respective positions on April 17, 2024.  (Dkt. Nos. 76, 77).

## LEGAL STANDARD

Rule 15(a) of the Federal Rules of Civil Procedure instructs that "[t]he court should freely give leave [to amend] when justice so requires."  Fed. R. Civ. P. 15(a)(2).  "This is a 'liberal' and 'permissive' standard," *Sacerdote v. New York Univ.*, 9 F.4th 95, 115 (2d Cir. 2021) (quoting *Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec. Ltd.*, 797 F.3d 160, 190 (2d Cir. 2015)), and leave to amend under Rule 15(a)(2) "'should be denied only for such reasons as undue delay, bad faith, futility of the amendment, and perhaps most important, resulting prejudice to the opposing party,'" *AT&T Corp. v. Atos IT Solutions & Servs., Inc.*, No. 21 Civ. 4550 (VSB) (RWL), 2024 WL 379952, at *4 (S.D.N.Y. Feb. 1, 2024) (quoting *Aetna Cas. & Sur. Co. v. Aniero Concrete Co.*, 404 F.3d 566, 603-04 (2d Cir. 2005)).[3]

"To the extent a proposed amendment would add new parties, the motion is technically governed by Rule 21, which provides that the court may at any time, on just terms, add or drop a party, rather than Rule 15(a).  However, the same standard of liberality applies under either rule."  *Gilead Sciences, Inc. v. Teva Pharm. USA, Inc.*, No. 10 Civ. 1796 (RJS), 2011 WL 2462764, at *1 (S.D.N.Y. June

---

[3] This period of liberal amendment ends "if the district court issues a scheduling order setting a date for which no amendment will be permitted," in which case a motion to amend must satisfy Fed. R. Civ. P. 16(b)'s stricter standard of "good cause."  *Sacerdote*, 9 F.4th at 115.  Here, the Scheduling Order set a deadline of November 17, 2023 for amended pleadings and joining new parties.  (Dkt. No. 51 at 1).  However, Defendants do not argue that Plaintiffs must satisfy Rule 16(b) and the Court need not decide whether to apply the Rule 15(a)(2) standard or the Rule 16(b) standard since its ultimate ruling on Plaintiffs' motion would be the same under either standard.

13, 2011) (citation omitted); *see also Kiarie v. Dumbstruck, Inc.*, 473 F. Supp. 3d 350, 353 (S.D.N.Y. 2020) (the "showing necessary under Rule 21 is the same as that required under Rule 15(a)") (citation omitted). "The decision to grant or deny leave to amend under Rule 15(a)(2) is within the trial court's discretion." *Kiarie*, 473 F. Supp. 3d at 352.

"[A] district court may deny a motion to amend on the ground that the statute of limitations would bar the plaintiff's claim against the defendant sought to be added." *Swayze v. LaFontant*, No. 21 Civ. 4867 (ER), 2022 WL 2209148, at *4 (S.D.N.Y. June 21, 2022). Where the statute of limitations has run on claims asserted in a pleading, "then an amendment that 'changes the party or the naming of the party against whom a claim is asserted' must be found to 'relate[] back to the date of the original pleading' in order to be timely." *Girau v. Europower, Inc.*, 317 F.R.D. 414, 419 (S.D.N.Y. 2016) (quoting Fed. R. Civ. P. 15(c)). "Generally, 'John Doe' pleadings cannot be used to circumvent statutes of limitations because replacing a 'John Doe' with a named party in effect constitutes a change in the party sued." *Hogan v. Fischer*, 738 F.3d 509, 517 (2d Cir. 2013) (cleaned up). "John Doe substitutions, then, may only be accomplished when all of the specifications of Fed. R. Civ. P. 15(c) are met." *Id.* (cleaned up); *see also, e.g., Jones v. City of N.Y.*, No. 19 Civ. 10424 (MKV), 2021 WL 4482150, at *2-3 (S.D.N.Y. Sept. 30, 2021).

Rule 15(c) contains two provisions for analyzing whether an amended complaint adding a new party relates back to the original pleading for statute of

6

limitations purposes. First, under Rule 15(c)(1)(C), the following conditions must be met for the amendment to relate back:

> (1) the claim must have arisen out of conduct set out in the original pleading; (2) the party to be brought in must have received such notice that it will not be prejudiced in maintaining its defense; (3) that party should have known that, but for a mistake of identity, the original action would have been brought against it; and . . . (4) the second and third criteria are fulfilled within [90][4] days of the filing of the original complaint, and . . . the original complaint [was] filed within the limitations period.

*Hogan*, 738 F.3d at 517 (quoting *Barrow v. Wethersfield Police Dep't*, 66 F.3d 466, 468-69 (2d Cir. 1995)).

Second, Rule 15(c)(1)(A) "permits an amended pleading to relate back when 'the law that provides the applicable statute of limitations allows relation back.'" *Id.* at 518 (quoting Fed. R. Civ. P. 15(c)(1)(A)). In *Hogan*, the Second Circuit held that Rule 15(c)(1)(A) applies to Section 1983 claims against John Doe defendants and that, where New York law provides the relevant statute of limitations for a Section 1983 claim, the court "must determine if New York state law provides a 'more forgiving principle of relation back' in the John Doe context" as compared to Rule 15(c)(1)(C). *Id.* (quoting Fed. R. Civ. P. 15, Advisory Comm. Notes 1991). *Hogan* further held that N.Y. C.P.L.R. § 1024, which New York courts have interpreted "to permit John Doe substitutions *nunc pro tunc*," is a "more forgiving principle of relation back" than Rule 15(c)(1)(C) and, consequently, offers another potential relation back theory in Section 1983 cases. *Hogan*, 738 F.3d at 518-19.

---

[4] At the time *Hogan* and *Barrow* were decided, Federal Rule of Civil Procedure 4(m) allowed the plaintiff 120 days to serve the defendant. That period was shortened to 90 days in 2015. *See Joseph v. Bute*, No. 16 Civ. 2004 (PKC) (LB), 2019 WL 181302, at *4 n.9 (E.D.N.Y. Jan. 9, 2019).

7

## DISCUSSION

Defendants argue that, to the extent the Proposed FAC adds claims against Edwards and St. Leger as defendants, those claims are untimely and do not relate back under Rule 15(c)(1)(C). (Dkt. No. 73 at 2-3). Defendants do not make a similar argument (or any other argument) to oppose adding Dym as a defendant, and accordingly the Court deems Defendants to have consented to the Proposed FAC insofar as it adds claims against Dym.

Specifically, Defendants posit that a three-year statute of limitations applies to Plaintiffs' proposed claims against Edwards and St. Leger. (*Id.* at 2); *see Hogan*, 738 F.3d at 517 ("Section 1983 actions filed in New York are . . . subject to a three-year statute of limitations.").[5] Defendants argue that this limitations period would have expired on February 4, 2023, three years after the February 4, 2020 Town Hall meeting, but for the tolling period mandated by then-Governor Cuomo's Executive Order 202.8 issued during the COVID-19 pandemic. (Dkt. No. 73 at 2). Even with the benefit of that tolling, Defendants assert, the three-year limitations period expired on September 20, 2023. (*Id.*). Plaintiffs have not disputed these calculations and the Court concurs that the claims against Edwards and St. Leger are untimely if they do not relate back to Plaintiff's original Complaint filed in 2020.

---

[5] Under New York General Municipal Law § 50-i, Plaintiffs' claims under the New York State Constitution and for assault and battery are subject to an even shorter limitations period: they must be asserted within one year and ninety days of the complained of conduct. *See Murphy v. City of N.Y.*, No. 23 Civ. 1925 (AT), 2024 WL 916563, at *5 (S.D.N.Y. Mar. 4, 2024); *Scott v. City of Mt. Vernon*, No. 14 Civ. 4441 (KMK), 2017 WL 1194490, at *22 (S.D.N.Y. Mar. 30, 2017). Of course, this means that if Plaintiffs' Section 1983 claims against Edwards and St. Leger are time-barred, then so are their New York state law claims.

Defendants argue that these claims, at a minimum, fail to satisfy the third prong of the relation-back test under Rule 15(c)(1)(C). (Dkt. No. 73 at 2-3). As noted above, the third prong requires that the new party should have known that "but for a mistake of identity, the original action would have been brought against it." *Hogan*, 738 F.3d at 517. The Court finds Defendants' argument to be persuasive.

The Second Circuit has interpreted Rule 15(c)(1)(C) to "preclude relation back for amended complaints that add new defendants, where the newly added defendants were not named originally because the plaintiff did not know their identities." *Hogan*, 738 F.3d at 517 (citation omitted). Although the rule "'explicitly allows the relation back of an amendment due to a 'mistake' concerning the identity of the parties . . . [,] the failure to identify individual defendants when the plaintiff knows that such defendants must be named cannot be characterized as a mistake.'" *Id.* at 517-18 (quoting *Barrow*, 66 F.3d at 470). In other words, "the lack of knowledge of a John Doe defendant's name does not constitute a 'mistake of identity'" that would allow plaintiffs to avail themselves of Rule 15(c)(1)(C). *Id.* at 518 (quoting *Barrow*, 66 F.3d at 470).

As a result, courts routinely hold that where, as here, a proposed (or actual) amended complaint identifies a John Doe defendant after the applicable statute of limitations has expired, the amendment does not relate back to the original complaint under Rule 15(c)(1)(C). *See, e.g.*, *Swayze*, 2022 WL 2209148, at *4 (denying motion to amend to add new defendant because "amending a complaint to

9

replace a John Doe with the newly-discovered name of a defendant is not a 'mistake' regarding their identity and thus does not satisfy the Rule's language"); *Kyle v. Amtrak*, No. 20 Civ. 5526 (NRB), 2022 WL 1471250, at *4 (S.D.N.Y. May 10, 2022) (proposed amendment adding defendant identified as Jane Doe in original complaint not permitted under Rule 15(c)(1)(C)); *Cotto v. City of N.Y.*, No. 15 Civ. 9123 (RWS), 2017 WL 3476045, at *3-4 (S.D.N.Y. Aug. 11, 2017) (because plaintiffs, who did not identify John Doe police officer defendants until they filed an amended complaint after the lapse of the limitations period, "cannot satisfy the third requirement, their amended pleadings cannot relate back under Rule 15(c)(1)(C)"), *aff'd*, 803 F. App'x 500 (2d Cir. 2020).

      Plaintiffs do not address Rule 15(c)(1)(C) in their letter submissions, let alone set forth an argument showing how its requirements are satisfied here. (*See* Dkt. Nos. 71, 75, 77). Instead, Plaintiffs argue that they were unable to identify Edwards and St. Leger as defendants until Defendants responded to Plaintiffs' First Interrogatories ("Interrogatories") on March 4, 2024. (Dkt. No. 71 at 1-2). Those Interrogatories, dated July 26, 2021, asked Defendants to identify various individuals depicted in attached photographs from the February 4, 2020 meeting. (*Id.* Ex. D). In their March 4, 2024 responses, Defendants identified Edwards and St. Leger (as well as Dym and others not named in the Proposed FAC) as the individuals who appear in certain of these photographs. (*Id.* Ex. E). Plaintiffs argue that Defendants' "failure to timely respond to [these] very edifying

interrogatories . . . for over 2.5 years is a very good reason to allow the Amended Complaint to proceed." (Dkt. No. 75 at 2).

Although Plaintiffs do not explicitly invoke it, some district courts have "'fashioned an exception'" to the Second Circuit's rule that the plaintiff's lack of knowledge of a John Doe defendant's name does not constitute a mistake of identity sufficient to trigger Rule 15(c)(1)(C). *Escoffier v. City of N.Y.*, No. 13 Civ. 3918 (JPO) (DF), 2017 WL 9538603, at *3 (S.D.N.Y. Jan. 4, 2017) (quoting *Alston v. Bellerose*, No. 3:12 Civ. 147 (CSH), 2016 WL 554770, at *3 (D. Conn. Feb. 11, 2016)). This exception, which originates with *Byrd v. Abate*, 964 F. Supp. 140 (S.D.N.Y. 1997), allows an otherwise-untimely amendment where "'the information as to the 'John Doe' identities is particularly within the defendant's knowledge, the plaintiff has diligently attempted to ascertain those identities through discovery, and the plaintiff seeks to amend shortly after learning of those identities.'" *Escoffier*, 2017 WL 9538603, at *3 (quoting *Alston*, 2016 WL 554770, at *3). Such an exception has been deemed necessary to avoid the unfairness of "permit[ting] defense counsel to eliminate claims against any John Doe defendant merely by resisting discovery requests until the statute of limitations has ended." *Byrd*, 964 F. Supp. at 146.[6]

In addition, as noted above, a claim in an amended complaint may relate back under Rule 15(c)(1)(A) if N.Y. C.P.L.R. § 1024 applies. "Under CPLR § 1024, a

---

[6] Whether the *Byrd* exception survives the Second Circuit's reaffirmation of *Barrow* in *Hogan* is debatable. *See JCG v. Ercole*, No. 11 Civ. 6844 (CM) (JLC), 2014 WL 1630815, at *15 n.23 (S.D.N.Y. Apr. 24, 2014) (finding, "[t]o the extent this exception applies post-*Hogan*," it was inapplicable on facts of case; *Frederique v. Cnty. of Nassau*, No. 11 Civ. 1746 (WDW), 2014 WL 12841638, at *6 (E.D.N.Y. May 22, 2014) (noting that "*Byrd* represents an approach apparently not yet recognized by the Second Circuit"). The Court assumes for purposes of analysis that the exception exists, but finds, for the reasons stated herein, it does not apply to the facts here.

11

plaintiff may substitute a named party for a John Doe party *nunc pro tunc* if the plaintiff meets two requirements: (1) 'exercise due diligence, prior to the running of the statute of limitations, to identify the defendant by name,' and (2) 'describe the John Doe party [in the original complaint] in such form as will fairly apprise the party that [he] is the intended defendant.'" *Cotto*, 2017 WL 3476045, at *5 (quoting *Hogan*, 738 F.3d at 519) (cleaned up).

Despite Plaintiffs' failure to cite the *Byrd v. Abate* exception or N.Y. C.P.L.R. § 1024, the Court will consider both of these relation-back theories here. To avail themselves of either theory, Plaintiffs must have exercised "diligence" in attempting to ascertain the identities of Edwards and St. Leger and to add them as defendants during the limitations period. The record, however, makes abundantly clear that Plaintiffs did not exercise the diligence required.

As Defendants note, in their Initial Disclosures pursuant to Fed. R. Civ. P. 26(a)(1) served on Plaintiffs on June 18, 2021, Defendants identified Edwards as the Borough Safety Director and as someone who might have discoverable information about the events on February 4, 2020. (Dkt. No. 76 Ex. B at 4). Indeed, the Initial Disclosures specifically stated that "Defendants reasonably believe" that Edwards is the person "identified in the Complaint as 'Asst. Principal JOHN DOE No. 2.'" (*Id.*). Thus, as of June 2021, Plaintiffs had been told that Edwards was the individual identified by Plaintiffs as "John Doe No. 2" in the Complaint. Yet Plaintiffs waited until April 2024, nearly three years later, and long after the three-year statute of limitations had expired, to seek to amend their Complaint to substitute Edwards for

12

John Doe No. 2. This is the antithesis of diligence. *See Frederique*, 2014 WL 12841638, at *3 (finding that plaintiffs "were not diligent" where they "could and should have moved to amend prior to the expiration of the deadline to add the officers named in [defendants'] initial disclosures").

The facts differ slightly as to St. Leger, but the same conclusion holds. In an email to Plaintiffs' counsel dated July 1, 2021, Defendants provided Plaintiffs with a list of DOE employees from James Madison High School and the Office of Safety and Youth Development "who were working at the February 4, 2020 Town Hall Meeting." (Dkt. No. 76 Ex. C). That list specifically named St. Leger and identified his position (as well as Edwards and eleven others). (*Id.*). Thus, by July 2021, Plaintiffs knew that St. Leger was one of the DOE employees working at the February 4, 2020 meeting. It was incumbent upon Plaintiffs to take reasonable steps at that juncture, and within the limitations period, to ascertain whether St. Leger was one of the John Doe defendants they sought to sue in the Complaint. Plaintiffs failed to do so.

Plaintiff's service of the Interrogatories in July 2021 does not alter this analysis. Plaintiffs' Interrogatories were served less than two weeks before the August 5, 2021 settlement conference before Judge Gorenstein. According to Plaintiffs, settlement proposals continued to "float[] back and forth" between the parties, which led to the litigation being "paused for a long time." (*Id.*). This may explain why counsel for both Plaintiffs and Defendants put the Interrogatories on the backburner. But it does not excuse Plaintiffs' failure to take a single step for

13

more than two and one-half years to follow up on the Interrogatories after they were served.

There were any number of steps Plaintiffs could have taken. Once the settlement conference ended without a resolution, Plaintiffs could have reminded Defendants about the due date for Defendants' response to the Interrogatories. Once that date passed, Plaintiffs could have notified Defendants of their noncompliance and insisted on a response. If Defendants still failed to respond, Plaintiffs could have requested to meet and confer in anticipation of a potential motion to compel. And if none of that worked, Plaintiffs could have sought relief from the Court. So far as the record reveals, Plaintiffs did none of these things.

Under these circumstances, Defendants' failure to respond to Plaintiffs' Interrogatories for more than two years does not excuse Plaintiffs' own failure to do anything to prompt or compel a response during this period. Merely serving the Interrogatories in 2021 does not show diligence when Plaintiffs inexplicably sat on their hands until after the statute of limitations expired. *See, e.g.*, *Escoffier*, 2017 WL 9538603, at *3-4 (requisite diligence not shown where plaintiff's initial request in identifying Doe defendants was rejected and plaintiff did not seek reconsideration or "raise the matter again for more than a year, until prompted by this Court"; such "limited efforts" to obtain the identities "stand in contrast to the types of substantial and tenacious efforts made by plaintiffs in cases where courts have allowed late amendments to name such individuals"); *Corso v. Calle-Palomeque*, No. 17 Civ. 6096 (NRB), 2020 WL 2731969, at *5-6 (S.D.N.Y. May 26,

2020) (sufficient diligence not shown where plaintiff submitted FOIL requests to ascertain officer's identity during the limitations period but "offer[ed] no indication that he followed up"); *Temple v. N.Y. Cmty. Hosp. of Brooklyn*, 89 A.D.3d 926, 928, 933 N.Y.S.2d 321, 323 (2d Dep't 2011) ("while some limited discovery demands were served prior to the expiration of the statute of limitations, when the responses received were less than adequate, the plaintiff failed to promptly seek further discovery, neglected to submit a properly executed authorization to the disclosing party, and failed to properly and promptly seek assistance from the Supreme Court"; hence, N.Y. C.P.L.R. § 1024 was inapplicable).

Accordingly, Plaintiffs' proposed claims against Edwards and St. Leger do not relate back to the Complaint under Rule 15(c). As a result, those claims are barred by the applicable statute of limitations. Plaintiffs' motion for leave to amend is therefore denied to the extent the Proposed FAC seeks to add Edwards and St. Leger as defendants. However, because the other changes made by the Proposed FAC satisfy Rule 15(a)(2)'s liberal pleading standard and are not opposed by Defendants, Plaintiffs' motion for leave to amend is granted with respect to those changes.

## CONCLUSION

For the reasons stated above, Plaintiffs' motion for leave to file the Proposed FAC is **GRANTED** in part and **DENIED** in part. Plaintiffs shall file a First Amended Complaint in conformity with this Opinion & Order by no later than May 9, 2024.

DATED:   New York, New York
         April 25, 2024

_____
GARY STEIN
United States Magistrate Judge