# ADVOCATES FOR JUSTICE
*A Public Interest Organization*



www.advocatesforjustice.net

225 Broadway, Suite 1902
New York, NY 10007

Arthur Z. Schwartz, Esq.
Lead Attorney
President, Board of Directors

TEL: 212-285-1400
FAX: 212-285-1410

info@advocatesforjustice.net

August 4, 2025

By ECF

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/5/25
```

Hon. Lewis A. Kaplan
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007

    Re:  Chinese American Citizens Alliance Greater
        New York v. NYC Department of Education
        20 Civ. 8964 (LAK) (GS)
        <u>Request for Additional Time for an FRCP 72(b) Objection</u>

Dear Judge Kaplan:

  On July 31, 2025 Magistrate Judge Gary Stein issued a 93-page Report and Recommendation granting the City Summary Judgment in part and sending another part of the case to trial.

  The issue on which Judge Stein granted Summary Judgment to the City involved a blanket ban on signs at a Chancellor Town Hall meeting – for the first and only time in the history of the NYC Department of Education. It occurred during a period when Chinese-American parents were protesting purposed changed in the Specialized Schools admission policy.

  Judge Stein found that the school auditorium was a "limited public forum," and he also noted that there was no evidence <u>in the record</u>, as opposed to arguments in briefs, about the reason that signs were banned at the February 4, 2020 meeting which this case focuses on. But then, Judge Stein used the Second Circuit's decision in <u>Tyler v. City of Kingston</u>, 74 F.4th 57 (2d Cir. 2023) to hold that even without a stated reason, the barring of signs at the Chancellor Town Hall was something the Department of Education had an absolute right to do, irrespective of its failure to ever offer a reason.

  We will want to file an objection in order to argue, in essence, that <u>Tyler</u> does not absolve the government from having a reason to limit the holding of signs in a limited public forum.

# ADVOCATES FOR JUSTICE
*A Public Interest Organization*

Hon. Lewis A. Kaplan
August 4, 2025
Page 2

      Tyler involved a town council meeting. In Travis v. Owego-Apalachin School District, 927 F.2d 688, 692 (2d Cir. 1991), the Second Circuit held that "[I]n a limited public forum, [the] government is free to impose a blanket exclusion of certain types of speech, but once it allows expressive activities of a certain genre, it may not selectively deny access for other activities of that genre." The Chancellor Town Hall was all about citizens making statements to or asking questions of the Chancellor. That was the purpose of the meeting. The Common Council meeting in Tyler had one purpose: "allowing the Common Council to 'discuss and decide' local issues while giving the public access to that process." Tyler, supra. In the instant case, the public was not present in order to observe; it was there to express its views to the Chancellor. We believe that is the type of limitation barred in Travis.

      In the instant case, the lawyers, not any witness, stated that the sign ban was reasonable because it was "clearly" motivated to further the City's interest in "holding a safe, efficient and orderly meeting free from interference." Slip Decision at page 39. Besides that "reason," offered only in a brief, there was no testimony about the issue by any witness in the record. Magistrate Stein notes that the City's motivation in imposing the sign ban for the Town Hall is "anything but clear." But he then stated that under Tyler, "Defendants were not required to adduce such evidence." (Slip Opinion at 40.)

      We submit that Magistrate Stein's decision on this issue is flawed and would establish dangerous First Amendment precedent. We wish to brief it more than we do in this letter, and, given the fact that the undersigned has three all-day arbitrations in the next week and a brief, **we seek an extension until August 21, 2025 to fully brief the issue.**

      The Court's consideration is appreciated.

                          Respectfully submitted,

                          /s/ *Arthur Z. Schwartz*

                        Arthur Z. Schwartz

cc:    All Counsel (by ECF)

SO ORDERED

_____  8/5/25
LEWIS A. KAPLAN, USDJ